# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * | | |
| TERI COLLINS, | * | No. 10-175V |
| As the Proposed Administrator of the | * | Special Master Christian J. Moran |
| Estate of her deceased daughter, | * | |
| AMBER KAUFFMAN, | * | Filed: February 7, 2014 |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' fees and costs; award |
| | * | in the amount to which |
| SECRETARY OF HEALTH | * | respondent does not object. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

Mark T. Sadaka, Mark T. Sadaka, MSPH, Esq., Englewood, NJ, for petitioner.
Darryl R. Wishard, United States Department of Justice, for respondent.

## UNPUBLISHED DECISION[*]

On January 31, 2014, petitioner filed a stipulation of fact concerning final attorney's fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended his application to request $77,175.09, an amount to which respondent does not object. The Court awards this amount.

On March 24, 2010, Teri Collins filed a petition for compensation on behalf of her deceased daughter, Amber Kauffman, alleging that the human papillomavirus ("HPV") vaccine, which Amber received on October 9, 2007 and March 31, 2008, caused her death on April 7, 2008. At the completion of a hearing held in

---

[*] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Washington, DC, on November 6-7, 2013, petitioner's claim for compensation was denied.  <u>Decision</u>, filed Nov. 8, 2013.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, in addition to her petition, medical records and affidavits, Ms. Collins provided multiple reports from experts opining on her case.  These reports were discussed at length during a two-day hearing before the undersigned in November 2013. Thus, because petitioner's counsel acted in good faith and there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$76,000.00** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred **$1,175.09** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

A. **A lump sum of $76,000.00 in the form of a check made payable to petitioner and petitioner's attorney, Mark T. Sadaka of Sadaka Associates, LLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

B. **A lump sum payment of $1,175.09 in the form of a check payable to petitioner, Teri Collins.**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.